**Billy H. FORRESTER,**
**Plaintiff-Appellant,**

v.

**ROTH'S I. G. A. FOODLINER, INCORPORATED, an Oregon Corporation,**
**Defendant-Appellee.**

**No. 79–4670.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1981.
Decided May 29, 1981.

William B. Wyllie, Salem, Or., for plaintiff-appellant.

Valerie J. Vollmar, Clark, Marsh & Lindauer, Salem, Or., for defendant-appellee.

Before ANDERSON, PREGERSON and CANBY, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

This is an appeal of a summary judgment granted to the defendant-appellee, Roth's I.G.A. Foodliner. The district court's opinion, which appears at 475 F.Supp. 630, sets forth the nature of the controversy.

Plaintiff-appellant, Forrester, contends that the district court erred in granting summary judgment to Roth's because the doctrine of equitable estoppel is inapplicable to Fair Labor Standard Act (FLSA) claims: and even if the doctrine is applicable, it had not been established in this case.

Although we agree that the grant of summary judgment to Roth's was appropriate, we affirm on a different basis.

Under the FLSA, no employer shall employ any of its covered employees for a work week that is longer than 40 hours unless that employee receives as compensation for his employment at least one and a half times the regular rate for all overtime hours. 29 U.S.C. § 207(a). An employer who violates this provision is liable to the employee for the overtime wage, as well as an additional equal amount as liquidated damages, and the court may allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29 U.S.C. § 216(b).

As defined in 29 U.S.C. § 203(g), " '[e]mploy' includes to suffer or permit to work." "[T]he words 'suffer' and 'permit' as used in the statute mean 'with the knowledge of the employer.' " *Fox v. Summit King Mines*, 143 F.2d 926 (9th Cir. 1944). Thus an employer who knows or should have known that an employee is or was working overtime must comply with the provisions of § 207. An employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation.

However, where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207.

In the present case, the officials of Roth's stated in their affidavits that they had no knowledge that Forrester had been working uncompensated overtime hours. 475 F.Supp. at 631. Forrester himself testified in his deposition that he "did not mention any unpaid overtime work to any store official prior to filing his complaint." *Id.* Forrester did not raise a genuine issue of material fact concerning whether any official of Roth's should have known about his alleged uncompensated hours. Further,

"Forrester knew that overtime was supposed to be reported on time sheets and that the store regularly paid for such reported overtime. Forrester Dep. 26, 28–29. Forrester himself was paid for all of the overtime he reported, which amounted to approximately 8 hours per week during the claim period. He testified that, had he reported the additional 10 hours per week of overtime work he now claims, he would have been paid. Forrester Dep. 60–61." *Id.*

Finally, Forrester presented an exhibit showing what he alleges is a contemporaneously compiled monthly list of unpaid overtime hours for the claim period.

We agree with the district court that no genuine issue of material fact had been raised as to whether any official of Roth's knew or should have known that Forrester had been uncompensated for overtime work he performed. Moreover, it is quite obvious that, besides not attempting to notify Roth's of his alleged uncompensated overtime hours, Forrester deliberately omitted the inclusion of those hours from his time sheet even though he admittedly knew that he would have been paid for those hours.

An employer must have an opportunity to comply with the provisions of the FLSA. This is not to say that an employer may escape responsibility by negligently maintaining records required by the FLSA, or by deliberately turning its back on a situation. However, where the acts of an employee prevent an employer from acquiring knowl-

edge, here of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work in violation of § 207(a).

The district court's grant of summary judgment is therefore

AFFIRMED.