PRIME COMMUNICATIONS, INC. *vs.* EUGENE SYLVESTER.

No. 91-P-1502.

Middlesex. May 6, 1993. - July 6, 1993.

Present: ARMSTRONG. FINE, & GILLERMAN, JJ.

*Fair Labor Standards Act. Labor,* Wages. *Practice, Civil,* Burden of proof. *Words,* "Employ."

On a claim by an employee against his employer alleging that he had performed overtime work for which he had not been compensated as required by the Fair Labor Standards Act, 29 U.S.C. § 207 (a)(1) (1982), this court concluded that, in order to prove a violation of § 207, it was the employee's initial burden to establish his employer's knowledge, either actual or constructive, of any overtime hours he worked and that, in this instance, he failed to meet that burden. [711-712]

CIVIL ACTION commenced in the Malden Division of the District Court Department on June 12, 1985.

On appeal to the Superior Court Department, the case was heard by *Gordon L. Doerfer,* J.

*James C. Donnelly, Jr.,* for the plaintiff.

*Beth O'Neill Maloney* for the defendant.

FINE, J. Eugene Sylvester worked for Prime Times, a weekly community newspaper owned by Prime Communications, Inc. (Prime), between October, 1983, and September, 1984, as an assistant editor and then, until he resigned on February 3, 1985, as news editor. In June of 1985, Prime brought a small claims action against Sylvester for money allegedly owed. On November 25, 1985, Sylvester filed a counterclaim against Prime alleging that he had performed overtime work while employed by Prime for which he had not been compensated as required by the Fair Labor Stan-

dards Act (29 U.S.C. § 207[a][1] [1982]) (FLSA).[1] A District Court judge found in favor of Prime in the amount of $500 on its claim for money owed and for Sylvester in the amount of $2,031 on his counterclaim for overtime compensation. Prime appealed to the Superior Court pursuant to G. L. c. 231, § 97, but waived trial by jury.[2] Based on evidence from Sylvester and others that Sylvester regularly worked overtime while employed as assistant editor, the judge found that he was entitled to compensation in the amount of $2,031.50 for an average of five hours a week, at time and one-half, and, in accordance with 29 U.S.C. § 216(b) (1982), counsel fees in the amount of $23,096.33. Liquidated damages, under that section and § 260, however, were denied. The parties filed cross-appeals.[3] Because we rule in favor of Prime on its appeal, we do not reach Sylvester's claim that the judge erred in denying him liquidated damages.

Prime contends that Sylvester failed to prove that Prime had actual or constructive knowledge that he was working overtime. We agree with Prime that the evidence and findings relating to Prime's actual or constructive knowledge at

---

[1]Under the FLSA no employer may employ a covered employee for a work week longer than forty hours unless the employee receives as compensation for his employment at least one and one-half times the regular rate for all overtime hours. 29 U.S.C. § 207(a)(1) (1982). An employer who violates this provision may be held liable to an employee in a Federal or State court for the overtime wage and a reasonable attorney's fee, and, unless he acted in good faith and with reasonable grounds for believing he was acting lawfully, for an additional amount as liquidated damages. 29 U.S.C. §§ 216(b) & 260 (1982).

[2]Several issues in the case were resolved by the trial judge against Prime (for example, whether Prime or some other entity was Sylvester's employer; and whether Sylvester's employment was covered by the statute) which are not raised by Prime on appeal.

[3]Prime claims that insufficient evidence was presented as to how many, if any, overtime hours Sylvester worked. The evidence on the point was vague and somewhat inconclusive. Prime, however, failed to keep time records for its employees as required by 29 C.F.R. §§ 516 et seq. (1989). In light of the holding in *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946), an adequate showing was made to support the judge's finding as to the amount of overtime work performed.

the relevant times are inadequate to support the judgment for Sylvester.

Sylvester presented evidence that he generally worked at the Prime Times office between 8 A.M. and 5 P.M. weekdays and that he also covered evening and weekend meetings. He conceded that some of his daytime working hours were spent preparing a cable television program not connected with Prime. Neither Sylvester nor Prime kept any records of the hours he worked. The judge found that neither Sylvester nor Prime expected that he would work a regular eight-hour day in addition to covering meetings. Sylvester admitted that he never told his superiors how many hours he worked and never asked for overtime pay during the period of his employment. The first notice to Prime of his overtime claim came when he filed his counterclaim in the small claims action on the debt, over fourteen months after the last time he claimed to have worked overtime and nine months after he resigned.

Although Stephen Welch, president and chief executive officer of Prime, stated that he had no knowledge that Sylvester was working more than forty hours a week, the only evidence suggesting that Sylvester's supervisors at Prime may have known that he was working overtime came from Welch. He was being questioned about Sylvester's employment as being possibly administrative and professional in nature and, therefore, exempt from the requirements of the FLSA under 29 U.S.C. § 213(a)(1) (1982). In answer to a question about the extent of Sylvester's discretion with respect to his comings and goings and the stories he would cover, Welch testified that the schedules of Prime's reporters were "all prearranged . . . with the editor [David Weldon][4] so he could have some form of knowing where his people are at all times, but they — they could come and go as they felt." In context, Welch's answer indicated that Weldon had knowledge of the particular assignments Sylvester was working on, not the

---

[4] Weldon was not called as a witness. As there was no showing of his availability at the time of trial, no inference may be drawn against either party for failure to call him as a witness.

particular hours he was working. Significantly, the judge made no express finding as to the state of Prime's knowledge of Sylvester's working hours. He did find that Sylvester "ke[pt] his immediate supervisor [Weldon] informed of what he was doing." Considering the only evidence on which the finding could have been based, however, it established no more than that Weldon was informed of the articles and projects on which Sylvester was working but not on the actual hours he worked. Thus, if Sylvester had the burden of proof on the issue of Prime's knowledge, he failed to meet it. Compare *Warren* v. *Edgeco, Inc.*, 8 Mass. App. Ct. 171, 173-174 (1979). The parties disagree, however, as to who bore the burden.

To recover under the FLSA one must be "employed." 29 U.S.C. §§ 201 et seq. As defined in 29 U.S.C. § 203(g) (1982), " '[e]mploy' includes to suffer or permit to work." "[T]he words 'suffer' and 'permit' as used in the statute mean 'with the knowledge of the employer.' " *Forrester* v. *Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981). Thus, "where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207." *Ibid.* See also *Wirtz* v. *Bledsoe*, 365 F.2d 277, 278 (10th Cir. 1966); *Mumbower* v. *Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975); *Lindow* v. *United States*, 738 F.2d 1057, 1060 (9th Cir. 1984); *Donovan* v. *Kentwood Dev. Co.*, 549 F. Supp. 480, 488 (D. Mass. 1982).

When employer knowledge is at issue, it has consistently been held that the employee has the initial burden of proving that the employer knew or should have known of the overtime work. *Davis* v. *Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). "The case law uniformly supports this proposition." *Ibid.* See also *Forrester* v. *Roth's I.G.A. Foodliner, Inc.*, 646 F.2d at 414; *Neal* v. *Braughton*, 111 F. Supp. 775, 782 (W.D. Ark. 1953); *Summerfield* v. *Photo-Electronics, Inc.*, 26 Wage & Hour Cas. 608, 612 (E.D.Pa. 1983); *Swan-*

*son* v. *Westfield News Advertiser*, 26 Wage & Hour Cas. 918, 920 (D. Mass. 1983).

Sylvester contends that when an employer has failed to keep time records, as Prime failed to do, "an employee has carried out his burden if he proves that he has in fact performed work for which he. was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). That ruling, however, "was squarely directed at the issue of what evidence an employee must introduce to establish the extent of his overtime work when his employer has kept inadequate records. Employer knowledge was not an issue in that case. . . ." *Davis* v. *Food Lion*, 792 F.2d at 1277. See *Pforr* v. *Food Lion, Inc.*, 851 F.2d 106 (4th Cir. 1988). It was Sylvester's initial burden to establish Prime's knowledge, either actual or constructive, of any overtime hours he worked, and we conclude that he failed to meet that burden. As matter of law, therefore, the judgment may not stand.

Accordingly, the revised judgment of February 12, 1991, is reversed and a new judgment is to enter for Prime dismissing Sylvester's counterclaim.

*So ordered.*