15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mark CONDON, Plaintiff-Appellant,
v.
Randy ERLANDSON; Western Nurses; County of Riverside;
Brian Tonseth; David Russell; Jim Hearn; Rick
Sayre; Riverside Community Hospital;
and Does 1 through 60,
Defendants-Appellees.
 No. 92-55894.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1993.
Decided Jan. 12, 1994.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Condon, a Riverside County Deputy Sheriff, seeks damages from his supervisors under 42 U.S.C. Sec. 1983. He alleges violations of his due process and First Amendment rights. The district court entered summary judgment in favor of the appellees on all of Condon's claims.
 
 
 3
 Condon's due process claim stems from his two-day suspension following an episode in which he ran a red light without using his motorcycle siren in violation of Department regulations. His principal contention is that he was entitled to a full evidentiary hearing before the suspension, or, in the alternative, that he was entitled to receive a copy of the "Tonseth memorandum" prior to suspension.
 
 
 4
 This case, and the issue of whether Condon received all the process he was due, are controlled by the Supreme Court's decision in Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). Condon received all the process required under Loudermill. The undisputed evidence in the record shows that he had notice of the charges against him, notice of the Department's proposed punishment, and an opportunity to respond to the charges. Prior to the suspension, Condon's attorney attended a meeting with Chief Thompson and was permitted to present his side of the case. It is undisputed that Condon had the option of attending a full post-suspension hearing. The Constitution requires no more. Loudermill, 470 U.S. at 545-46 (predeprivation process "need not be elaborate;" it is sufficient to provide the employee with "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story"); see also Matthews v. Harney County, Oregon, Sch. Dist. No. 4, 819 F.2d 889, 892 (9th Cir.1987). Nor does the Constitution require that a government employer make its entire case against an employee at a pre-suspension or pre-termination hearing, and Condon has not even demonstrated that having the Tonseth memorandum before suspension would have reduced the risk of an erroneous deprivation in any material way.
 
 
 5
 Condon's contention that Loudermill is not controlling because it involved a termination decision, not a suspension decision, is unavailing. The government's interest in preventing delay in discipline decisions may be less compelling in the suspension context than in the termination context, but it certainly is not insignificant. More importantly, the nature of the private interest deprived in this case--a two-day suspension--is far less severe than termination, and is easily remedied should a post-suspension hearing convince a decisionmaker that the suspension was erroneous. Finally, the only context in which the Supreme Court has ever found it necessary for the government to provide a full hearing prior to deprivation involved deprivation of life sustaining public assistance benefits, see Goldberg v. Kelly, 397 U.S. 254 (1970)--a private interest far more significant than those "present[ed] in the context of public employment," Loudermill, 470 U.S. at 545; see Cassim v. Bowen, 824 F.2d 791, 798 (9th Cir.1987).
 
 
 6
 Condon's contention that the California Constitution requires a level of process more demanding than is required under the Fourteenth Amendment also lacks merit. The California Supreme Court, in Skelly v. State Personnel Bd., 539 P.2d 774 (Cal.1975), did not, of course, have the benefit of the Supreme Court's decision in Loudermill. It nevertheless attempted to follow Arnett v. Kennedy, 416 U.S. 134 (1974), the major Supreme Court due process case at the time. Skelly, 539 P.2d at 782-90. Similarly, in Coleman v. Department of Personnel Admin., 805 P.2d 300 (Cal.1991), the court relied on federal decisions to determine the level of process due under the state constitution. Id. at 309-12. To the extent that People v. Ramirez, 599 P.2d 622, 627-28 (Cal.1979), can be read to require a level of process sufficient to ensure that a deprivee is treated with dignity, Condon's face-to-face meeting with Chief Thompson adequately served this function.
 
 
 7
 The only First Amendment claim cognizable in this appeal is Condon's claim that subsequent disciplinary actions were taken against him as retaliation for his exercise of his First Amendment right to comment on matters of public concern.[1] Even if the comments here relate to matters of public concern, Condon has not provided any evidentiary basis to create a genuine issue of material fact as to the employer's motivation; Condon cannot show that his speech was a substantial or motivating factor in a discipline decision. See Gillette v. Delmore, 886 F.2d 1194, 1197 (9th Cir.1989). He concedes that he has violated departmental regulations, and there is uncontroverted evidence in the record that others in a similar position were disciplined for violating the same regulations. The only "evidence" of retaliation cited by Condon is the coincidence of this discipline with his criticism of Department practices. The district court did not err in finding no retaliation as a matter of law.
 
 
 8
 Condon's FLSA claim also must fail. Condon's supplemental affidavit was not timely and could justifiably have been disregarded for that reason alone. Moreover, it stated only in the most conclusory terms that Condon was required to maintain and store his motorcycle on his own time. It provided no evidentiary showing that his employer reasonably should have known that he was working compensated overtime. See Forrester v. Roth's IGA Foodliner, Inc., 646 F.2d 413, 414-15 (9th Cir.1981). The district court did not err in dismissing the FLSA claim.
 
 
 9
 Condon's final claim is that he was denied due process when the payroll office inadvertently docked him 20 hours rather than 16 hours in implementing his two-day suspension. There appears to have been no predeprivation procedure the employer could have feasibly instituted to prevent such inaccuracies by clerical employees. Furthermore, there is no dispute that this mistake was not authorized by the appellees. Finally, it is undisputed that Condon has means available, both formal and informal, to recover his erroneously deducted pay. Under such circumstances, the due process clause does not require the predeprivation "process" Condon seeks. Hudson v. Palmer, 468 U.S. 517 (1984); see also Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part, Daniels v. Williams, 474 U.S. 327 (1987). Compare Cushing v. City of Chicago, 3 F.3d 1156, ----, slip op. at 14-18 (7th Cir. Sept. 3, 1993) with Easter House v. Felder, 910 F.2d 1387, 1398-1405 (7th Cir.1990) (en banc), cert. denied, 498 U.S. 1067 (1991).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Condon's contention that the Department's prior approval policy violated his Associational rights was not addressed in the pleadings and was not discussed in the plaintiff's opposition to the defendant's motion for summary judgment. A claim cannot be raised on appeal if it was not presented below. S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1087 (9th Cir.1989)