42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony J. HARE, Plaintiff-Appellant,
v.
CITY OF OAKLAND, CALIFORNIA; George Hart, Police Chief,
City of Oakland; Robert J. Muszar, Captain of the
Oakland Police Department, Defendants-Appellees.
 No. 93-15838.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1994.
Decided Nov. 25, 1994.
 
 Before: NOONAN and T.G. NELSON, Circuit Judges, and EZRA,* District Judge.
 MEMORANDUM**
 Anthony J. Hare (Hare) was a sergeant in the Oakland Police Department (OPD). He brought this suit against the City of Oakland (City), alleging that the City had failed to compensate him for overtime worked in violation of 29 U.S.C. Secs. 207(a) and (k) of the Fair Labor Standard Act (FLSA). In order to recover for uncompensated overtime, Hare must show that (1) he is within the scope of the FLSA; (2) he worked hours for which overtime compensation was required by the FLSA and was not paid for them; and (3) his employer knew or should have known he worked overtime. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946) (addressing proof of hours worked and not compensated); Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir.1981) (addressing proof of employer's knowledge of overtime hours).
 The district court granted summary judgment for the City holding that Hare failed to show both that he worked more than 171 hours in a 28-day pay period pursuant to Sec. 207(k) and that the City knew or should have known that he worked overtime. We disagree and hold that there are genuine issues of material fact which preclude summary judgment.
 1. Overtime hours worked.
 As proof that he worked more than 171 hours in a 28-day pay period, Hare offered a work sheet reflecting the amount of overtime he worked from December 1988 to January 1991 and indicating that he worked approximately sixty hours each week. Also, in support of his claim that he worked overtime hours, he offered the declaration of Carolyn Boone, a coworker. According to Boone, Hare worked long hours, frequently arriving before and leaving after normal work hours. In response to this evidence, the City reasoned that the fact that Hare was at his desk during non-work hours did not establish that he was working overtime because Hare had a "flex-time" agreement with his supervisor, Robert J. Muszar (Muszar), which allowed Hare to work on non-OPD projects during work hours as long as he worked eight hours each day for the OPD. The district court adopted this reasoning.
 However, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Hare's evidence that he worked sixty hours a week, if believed, would allow a reasonable jury to conclude that he had worked uncompensated overtime for the City. S ee id. at 248. The City's assertion that Hare may have been working on non-OPD projects during his extra hours at work or that these hours might have been a result of his "flex-time" arrangement merely creates a genuine issue of fact whether Hare's long hours were overtime worked for the City.
 2. City's knowledge of Hare's overtime.
 Regarding an employer's knowledge that an employee is working uncompensated overtime, we have held that:
 An employer who is armed with [the] knowledge [that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for overtime compensation.
 However, where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of Sec. 207.
 Forrester, 646 F.2d at 414. In that case, we held that "Forrester deliberately omitted the inclusion of [overtime] hours from his time sheet even though he admittedly knew that he would have been paid for those hours." Id.
 Unlike Forrester who failed to notify his superiors of his overtime work, Hare offered proof that Muszar knew he was working overtime. Hare asserted that he repeatedly mentioned his long hours to Muszar. As further proof of Muszar's knowledge, Hare introduced a performance evaluation written by Muszar which rated his work performance as outstanding and stated that he "arrive[d] for work early and often [left] late without requesting or expecting overtime compensation." Despite the City's attempt to minimize the significance of Muszar's statement by explaining that Muszar "did not intend this statement to mean that Hare had in fact worked in excess of 171 hours in a twenty-eight day period ..."; he was "attempting to say something supportive to Hare"; and his use of the term "overtime" was not a reference to the FLSA, a question of fact remains whether Muszar knew that Hare was working overtime for the City.
 We hold that genuine issues of material fact exist which preclude summary judgment and reverse the district court's grant of summary judgment and remand for further proceedings.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable David A. Ezra, U.S. District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3