STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-06-052

PAMELA ST. JOHN

Plaintiff

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

v.

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

FEB -? 2007

RECEIVED

JEFFREY JORDAN, et al.

Defendants

DONALD L. GARBRECH'
LAW LIBRARY

MAY 16 2007

This matter comes before the Court on Defendants' motion for summary

judgment on all counts of the complaint pursuant to M.R. Civ. P. 56(c).

## BACKGROUND

Plaintiff Pamela St. John ("Plaintiff") has worked for the City of South

Portland ("the City") since 1981. She has served as a personnel assistant since

1989. She claims that, at various times during her employment, she worked over

40 hours per week without receiving overtime pay. In March 2003, Plaintiff and

other employees notified the City Manager, Jeffrey Jordan ("Jordan"), that they

would be filing a complaint with Lauren Carrier ("Carrier"), who was then the

Assistant City Manager. In November 2003, Plaintiff sought and received 240

hours of "compensatory time," the maximum allowable before the overtime rate

applies. Plaintiff states that she agreed to this amount because Jordan told her it

1

was the maximum amount she could receive, but she argues that this was not all of the time for which she was owed compensation.[1]

Eventually, the City performed an internal investigation of the employees' complaint, during which Carrier resigned. Before her resignation, Carrier had created a negative internal memorandum about Plaintiff's job performance, which Plaintiff claims was to be destroyed so that it would not become part of her employment record.[2] After Carrier left, Plaintiff worked directly for Jordan until a new human resources director was hired in September 2004, and that director became Plaintiff's direct supervisor. In 2005, the new director met with Plaintiff to highlight some areas in which Plaintiff's job performance was deficient, and she summarized those areas in a memorandum. One item in the memo was a reference to the earlier memo that Plaintiff assumed had been destroyed. Under the City's Personnel Manual, Plaintiff disputed the memo, and after an investigation was conducted, the City Council made findings about Plaintiff's allegations. The Council found that most of the allegations of substandard performance were unfounded,[3] but did note that Plaintiff did not keep regular business hours or respect overtime issues.

Plaintiff filed suit against Jordan and the City in January 2006. The second amended complaint alleges defamation, overtime violations, violations of the Fair Labor Standards Act ("FLSA"), prompt payment, quantum meruit, unjust

---

[1] In her Additional Statement of Material Facts, Plaintiff contends that she worked the following unpaid hours: 363.75 in 1999, 366.20 in 2000, 383.25 in 2001, 564 in 2002, 431.85 in 2003, and 337.90 in 2004.

[2] Although performance reviews are to be conducted annually, Plaintiff claims that she had not had a review since roughly 1991, which Defendants dispute.

[3] Defendants dispute this account of the findings set forth by Plaintiff in her Additional Statement of Material Facts ¶ 20, but did not support their denial with a record citation. This fact is deemed admitted.

2

enrichment, and breach of contract. In their answer, Defendants assert the truth of the statements, failure to comply with the Maine Tort Claims Act ("MTCA"), qualified immunity, governmental immunity, estoppel and waiver. Defendants now move for summary judgment on all counts of Plantiff's complaint. Plaintiff admits that summary judgment should be granted for the City on the defamation claim, as she failed to comply with the notice provisions of the MTCA. But, she argues that she was not required to serve similar notice of her claim upon Jordan under the MTCA. She also concedes that summary judgment should be entered for both Defendants on the overtime violations claim.[4] She contends, however, that genuine issues of material fact on her remaining claims against both Jordan and the City preclude summary judgment.

## DISCUSSION

1.     <u>Summary Judgment Standard.</u>

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this

---

[4] As the parties agree that summary judgment should be granted as to the City on Count I and as to both Defendants on Count II, these counts will not be discussed.

stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### 2. Defamation Claim Against Jordan.

Before addressing the merits of Plaintiff's defamation per se claim, this Court must address whether she complied with the notice provisions of the MTCA as to Defendant Jordan. The MTCA requires that written notice of tort claims against a governmental entity must be served on the entity within 180 days of the date that the cause of action accrues. 14 M.R.S. § 8107(1) (2006). This notice is also required where the claim is against an employee of the governmental entity. *Id.* § 8107(3)(A); *see also Pepperman v. Barrett*, 661 A.2d 1124, 1126 (Me. 1995).

Plaintiff has conceded that no MTCA notice was served on the City, and summary judgment is therefore granted for the City on this count. But, Plaintiff contends that she was not required to serve notice of her tort claim against Jordan. The statute and case law, however, clearly require notice of a claim against a governmental entity or employee to be served in the manner prescribed in § 8107. As Plaintiff has conceded that she did not provide notice of her claim within the required time frame, she cannot pursue this tort claim against Jordan. Summary judgment is entered for Jordan on the defamation claim, and on all remaining claims because they are statutory, employer-based causes of action, and Jordan is not Plaintiff's employer.

### 3. Fair Labor Standards Act Claim.

The FLSA provides that employers must pay employees who work over forty hours per week one and one-half times their normal rate of pay for any excess hours worked. 29 U.S.C.S. § 207(a)(1) (2006). When a defendant seeks

4

summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. Plaintiff, therefore, must establish that she indeed worked overtime during the eligible period.[5] Because her signed time sheets, which are a part of the summary judgment record, indicate that she claimed to have worked 37.5 hours or less per week since February 2004, the City argues that Plaintiff cannot demonstrate an entitlement to overtime pay under the FLSA. It points to a Ninth Circuit case in which an employee who had already received overtime pay later sought payment for additional overtime that he did not list on his time records. *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981). The Court held that when an employee's own actions "prevent an employer from acquiring knowledge . . . of alleged uncompensated overtime hours," the employer has not violated the FLSA. *Id.* at 414-415.

Plaintiff counters that time sheets may be evidence of hours worked, but they do not conclusively determine how many hours were actually worked. She argues that her daily planner, calendar, and personal log create issues of fact as to actual hours worked. The calendar, log, and planner, however, if offered to prove how many hours Plaintiff actually worked, would be inadmissible hearsay under M.R. Evid. 802.[6] Plaintiff has provided no other non-hearsay evidence to counter the timesheets she signed, which do not reveal overtime hours worked in the two-year period for which she was not compensated. She contends that she

---

[5] Because the FLSA has a two-year statute of limitations, Plaintiff would have to have worked overtime hours for which she was not paid during the two-year period preceding her complaint, or between January 25, 2004 and January 25, 2006, to recover under this statute. All other claims are subject to the usual six-year statute of limitations; therefore, on those claims, the Court will consider allegations going back to January 25, 2000.

[6] The timesheets are admissible as business records under M.R. Evid. 803(6), but the planner, calendar, and personal log would not be admissible under any exception or exemption if they were indeed being offered to show that Plaintiff worked overtime on a given day.

would testify that her supervisors knew that she was working overtime, but she is not free to testify about what others knew or believed. Additionally, Plaintiff had a responsibility to inform the City through her timesheets if she was working overtime, and she elected not to do so. Without other admissible evidence to support her claim that she worked overtime, summary judgment is granted on this count.

4.    Prompt Pay Claim.

Maine's "prompt pay" statute prescribes acceptable intervals at which employees are to receive regular paychecks. 26 M.R.S. § 621-A (2006). Specifically, the statute says that employers "must pay in full all wages earned" during that time period. *Id.* The City argues that this statute is inapplicable because Plaintiff does not challenge the regularity of her pay, but contends that she did not receive overtime compensation to which she was entitled. It also notes that overtime payments are governed by different statutory provisions. Plaintiff points to the text of the statute, which reads "all wages," theoretically including overtime.

Yet, this Court need not reach the issue of whether the statute includes overtime pay. Even assuming that it does, Plaintiff has not demonstrated that she actually worked overtime hours for which she was not paid. Plaintiff's signed timesheets indicate the number of hours that she worked in a given pay period. She argues that the comp time payment she received in 2003 creates an inference that she was entitled to extra pay for overtime worked in other periods as well, but this is insufficient to generate a genuine issue of material fact at the summary judgment stage. Because there is no genuine issue of material fact

6

regarding whether Plaintiff actually worked overtime, summary judgment is granted on this count.

     5.     <u>Quantum Meruit and Unjust Enrichment Claims</u>.

Differences exist between quantum meruit and unjust enrichment claims.[7] *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269, 271. Quantum meruit "involves recovery for services or materials provided under an implied contract." *Id.* To prevail on a quantum meruit claim, Plaintiff must show that she provided services to Defendants with their "knowledge and consent," and the circumstances were such that she reasonably could expect to be compensated for them. *Id.* ¶ 8, 708 A.2d at 271. Unjust enrichment is an equitable theory that involves "recovery for the value of the benefit obtained when there is no contractual relationship, but when, on the grounds of fairness and justice," payment should be required. *Id.*

Even viewing the facts in the light most favorable to Plaintiff, she cannot recover on either theory. Her admissions to Defendants' Statement of Material Facts reveal that she signed timesheets that represented to the City how many hours she worked per week, and they do not reveal any overtime hours worked. The City argues that it was only aware of hours that Plaintiff herself listed on the timesheets; therefore, she cannot be said to have provided any services for which she could reasonably expect to be compensated with the "knowledge and consent" of the City. Also, she has not demonstrated as a matter of law that fairness and justice require compensating her for hours allegedly worked, when

---

[7] Defendants contend that because Plaintiff has an employment contract with the City, she cannot recover on an implied contract or equitable repayment theory. As discussed below, Plaintiff cannot recover on her contract claim, and she has conceded that the breach and quantum meruit claims are arguments in the alternative.

7

she did not claim those hours on her own timesheets. Accordingly, summary judgment is granted on both the quantum meruit and unjust enrichment claims.

6.      Breach of Contract Claim.

The parties in this case agree that Plaintiff had an employment agreement in the sense that she was bound and benefited by the compensation policies in the City's Personnel Manual. But, they disagree on whether Defendants breached that agreement by not providing overtime pay. As noted above, Plaintiff has not raised a *genuine* issue of material fact that would support her overtime claims. The City was to pay Plaintiff according to its employment agreement with her, and it compensated her for the hours she claimed to have worked on her signed time records. Without admissible proof of hours worked beyond what Plaintiff listed on those sheets, there is no genuine issue of fact for a jury to address as to breach of the City's obligations. Summary judgment is granted on the breach claim.

The entry is:

Defendants' motion for summary judgment is GRANTED on all counts of the complaint. Judgment is entered for Defendants.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _February 22, 2007_

Roland A. Cole
Justice, Superior Court

8

DAVID KREISLER ESQ
PO BOX 4726
PORTLAND ME 04112

MELISSA HEWEY ESQ
PO BOX 9781
PORTLAND ME 04112