KAREN NELSON MOORE, Circuit Judge,
dissenting.
At the heart of this case is the following simple fact: During her time as a nurse in the Baptist Hospital Emergency Room, White would occasionally work through lunch, either partially or entirely, and not receive compensation for that time. The defendants (collectively, “Baptist”) do not appear to dispute this claim factually, but blame White for failing to report the missed lunch on an exception log used by her department. The district court granted summary judgment in favor of Baptist because White had presented no evidence that Baptist knew or should have known that she was working through lunch without compensation in violation of the Fair Labor Standards Act (“FLSA”). This is contrary to the record, which contains evidence from which a jury could find that Baptist had actual knowledge that White was working without compensation, namely, her deposition testimony that she had recorded missed lunches on the exception log and was not compensated for that time. Despite this evidentiary record, which we must view in White’s favor on summary judgment, the majority affirms. I cannot agree, and I therefore respectfully dissent.
The law is clear that an employer with actual or constructive knowledge that an employee is working without compensation violates the Fair Labor Standards Act irrespective of whether the employee has properly reported that time. Summary judgment in these cases is exceedingly rare, because an employer’s knowledge of unpaid work often turns on disputed issues of fact.[1] The district court and now the majority err by relying primarily on cases analyzing evidence of constructive knowledge, which frequently do consider a plaintiffs own failure to report hours, without first considering the evidence in support of actual knowledge. Because the plaintiff here has set forth evidence of actual knowledge of her work, summary judgment on this basis was inappropriate.
The parties generally agree on the relevant legal standard. To establish a prima facie claim under the FLSA for unpaid time, the plaintiff must show “by a preponderance of evidence that he or she performed work for which he or she was not properly compensated.” Myers v. Copper Cellar Corp., 192 F.3d 546, 551 (6th Cir.1999) (internal quotation marks and alterations omitted). “Work not requested but suffered or permitted is work time” if “[t]he employer knows or has reason to believe that [the employee] is continuing to work.” 29 C.F.R. § 785.11. The responsibility for maintaining accurate records re *879 garding when an employee is working at all times falls on the employer. 29 U.S.C. § 211(c) (requiring that employers “shall make, keep, and preserve” records of every employee’s hours); see also 29 C.F.R. § 516.2(a). As Judge Friendly once put it long ago:
The obligation [to pay overtime under the FLSA] is the employer’s and it is absolute. He cannot discharge it by attempting to transfer his statutory burdens of accurate record keeping and of appropriate payment[ ] to the employee. The employer at its peril had to keep track of the amount of overtime worked by those of its employees....
Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 946 (2d Cir.1959) (internal quotation marks, alterations, and citations omitted).
An employer is not required to use time-sheets to assure accurate reporting of hours and may institute a policy of automatically deducting a lunch period from an employee’s compensation. See Hill v. United States, 751 F.2d 810, 811 (6th Cir.1984), cert. denied, 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985). However, the implementation of such a policy does not shift the burden onto the employee to ensure accurate reporting of hours or alleviate the employer’s obligations to pay for time actually worked under the FLSA:
[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.
29 C.F.R. § 785.13; see also Wage & Hour Div., U.S. Dep’t of Labor, Opinion Letter, FLSA2007-1NA, at *1 (May 14, 2007) (implementation of automatic pay deduction for lunch breaks “does not violate the FLSA so long as the employer accurately records actual hours worked, including any work performed during the lunch period” (emphasis added)); Wage & Hour Div., U.S. Dep’t of Labor, Fact Sheet # 53, at *3 (July 2009) (“When choosing to automatically deduct 30-minutes per shift, the employer must ensure that the employees are receiving the full meal break.”).
The mere existence of a policy requiring an employee to inform management of a missed break does not relieve an employer from its obligation to provide compensation for that time. See Wage & Hour Div., U.S. Dep’t of Labor, Opinion Letter, FLSA2008-7NA, at *1-2 (May 15, 2008) (an employer “must compensate the employee for all hours worked including the time worked during the missed meal period,” even if the “employee fails to take a meal break and does not notify the manager” in direct violation of company policy). See also Reich v. Dep’t of Conservation and Natural Res., Ala., 28 F.3d 1076, 1083 (11th Cir.1994) (“There is no indication in the record that the Department did anything ... to discourage the overtime required by the vast majority of its officers to properly perform their duties other than to promulgate its policy against such work.”). When an employer automatically deducts pay for lunch, particularly in an environment like an understaffed emergency room where the record suggests that it may be difficult to take an uninterrupted lunch break let alone a break at all, the employer should do more than simply point to a policy against such practices to escape responsibility. The employer must pay its employees for any missed or interrupted lunch break the employer knows or should have known the employee was not taking, even if the employee failed to report the missed break.
*880 The cases consistently confirm this principle: An employer must pay its employees for any time the employer knows or should have known the employee is working, even if the employee fails to report the work. See Kuebel v. Black & Decker Inc., 643 F.3d 352, 363 (2d Cir.2011) (“[0]nee an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation simply because the employee failed to properly record or claim his overtime hours.”); Chao v. Gotham Registry, Inc., 514 F.3d 280, 288 (2d Cir.2008) (Sotomayor, J., joining) (“An employer who has knowledge that an employee is working, and who does not desire the work be done, has a duty to make every effort to prevent its performance. This duty arises even ... where the employee fails to report his overtime hours.” (citations omitted)); Pabst v. Okla. Gas & Elec. Co., 228 F.3d 1128, 1133 (10th Cir.2000) (“To claim, then, that [the employer] did not know [the employees] were working because they did not report every hour of their evenings and weekends as overtime is misleading.”); Holzapfel v. Town of Newburgh, 145 F.3d 516, 524 (2d Cir.) (“[O]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours.”), cert. denied, 525 U.S. 1055, 119 S.Ct. 619, 142 L.Ed.2d 558 (1998).
Whether an employer has actual or constructive knowledge of unpaid work is a question of fact. Holzapfel, 145 F.3d at 521. As such, it is ill-suited for resolution on summary judgment when the evidence is genuinely in dispute. See Curry v. Scott, 249 F.3d 493, 508 (6th Cir.2001) (holding district court erred in determining defendants had no actual knowledge on summary judgment because inquiry “should have been left to the trier of fact”). For this reason, summary judgment is routinely reversed for the precise reasons used by the district court and the majority in this case. Kuebel, 643 F.3d at 365 (reversing summary judgment); Brown v. Family Dollar Stores of Ind., LP, 534 F.3d 593, 596-97 (7th Cir.2008) (same); Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1321 (11th Cir.2007) (same); Pabst, 228 F.3d at 1133 (same).
The majority distinguishes these cases by arguing that summary judgment is affirmed in other circuits when a plaintiff fails to report her hours under an established system for doing so. But the majority misses the mark; these cases all involve only an attempt to prove constructive knowledge, not actual knowledge, and when so viewed they actually support the general principle of denying summary judgment when there is evidence in the employee’s favor. See Hertz v. Woodbury Cnty., 566 F.3d 775, 782 (8th Cir.2009) (upholding jury verdict of no actual knowledge of overtime work and no constructive knowledge because no evidence that hours of field officers were being under-reported or that officers were discouraged from using the overtime system); Newton v. City of Henderson, 47 F.3d 746, 748-49 (5th Cir.1995) (reversing bench trial because no actual knowledge that undercover officer with irregular, off-site hours was working overtime, and the City’s mere access to information that could show such information was insufficient without more); Davis v. Food Lion, 792 F.2d 1274, 1277-78 (4th Cir.1986) (holding no clear error in bench-trial finding of no actual or constructive knowledge when overtime-prohibition policy was regularly enforced through reprimands and discipline, overtime work was unnecessary for job performance, and the employee then deliberately concealed his overtime work despite being warned to stop).
It is important to be clear about the relevance of an employee’s failure to re *881 port time worked in these eases. An employee may not voluntarily decline compensation for time worked. See Tony & Susan Alamo Found. v. Sec’y of Labor, 471 U.S. 290, 302, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (“[T]he purposes of the [FLSA] require that it be applied even to those who would decline its protections.”). No court has held that failing to report hours can defeat a claim under the FLSA where the employer had actual knowledge of the work performed. Holding otherwise would be akin to holding that an employee may waive FLSA protections by not reporting time her employer knows about, which would defeat the very purposes of the FLSA and be contrary to direct Supreme Court precedent. Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (noting FLSA rights cannot be waived); see also Allen, 495 F.3d at 1321 (“[E]ven if these Plaintiffs did not inform their supervisors that they were not recording their hours, a jury could still charge the Board with constructive knowledge.”).
An employee’s failure to report extra hours can be relevant to rebutting a claim of constructive knowledge in cases where an employer’s ability to unearth the employee’s extra work would otherwise be difficult through reasonable diligence. For example, when an employee works offsite or stays late without telling his employer, and there is a complete lack of evidence that would suggest to his employer that he was doing this work (i.e., he reported overtime in the past, his normal duties do not require overtime, other coworkers do not work overtime, no one ever saw him working late, etc.), the employee’s suggestion that his employer should have known he was working falls flat. In such situations, asking the employee to tell the employer he is working makes sense. But the employee’s failure to report remains just one piece of circumstantial evidence suggesting a lack of constructive knowledge; an employer who sees his employees working late or who pressures employees not to report hours may not be as credible in relying on the employee’s reporting failures. See Reich, 28 F.3d at 1083-84 (holding employer had constructive knowledge of overtime despite policy and irregular off-site hours because employer could have acquired actual knowledge of work through the exercise of reasonable diligence); see also Allen, 495 F.3d at 1321; Brennan v. Gen. Motors Acceptance Corp., 482 F.2d 825, 827 (5th Cir.1973).
In the rare case that affirms summary judgment for the employer (only two published opinions have done so to my knowledge), the evidence of actual knowledge is completely absent and the evidence suggesting constructive knowledge is a mere scintilla at best. In Forrester v. Roth’s I.G.A. Foodliner, Inc., 646 F.2d 413, 414-15 (9th Cir.1981), the Ninth Circuit affirmed summary judgment for the employer because the employee had failed to report overtime hours and there was no evidence the employer should have known of the work. Forrester does broadly suggest that “where the acts of an employee prevent an employer from acquiring knowledge, ... the employer cannot be said to have [committed a violation of the FLSA].” Id. at 414-15. But this language must be read in context, however, because Forrester also reaffirms that “[a]n employer who is armed with [knowledge of his employee’s work] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation.” Id. at 414.
The other published opinion has already been mentioned — in Allen, the Eleventh Circuit affirmed summary judgment for *882 some plaintiffs despite reversing for others. Allen, 495 F.3d at 1323. Summary judgment was affirmed against three plaintiffs who had presented no evidence that their employer had actual knowledge of their overtime and insufficient evidence of constructive knowledge: one plaintiff stayed late without being asked and without telling anyone, another performed work at home without telling anyone, and the third had simply alleged that- “there must have been time” that went unreported despite testifying that she never worked off the clock. Id. at 1323.
However, although summary judgment was affirmed against those three plaintiffs, the Eleventh Circuit in Allen simultaneously reversed summary judgment against other plaintiffs who also never informed their supervisors that they were working overtime. One of these plaintiffs, Eleanor Welch, was never discouraged from reporting her hours correctly, but the court noted that she presented evidence that her supervisor “knew that she would be with the children all day without a break.” Id. at 1322. As a result, the employer’s constructive knowledge was an issue of fact for trial and summary judgment was inappropriate.
There are no published cases in our circuit addressing this issue. In an unpublished opinion, we affirmed summary judgment for the employer for reasons consistent with denying summary judgment here today. See Wood v. Mid-Am. Mgmt. Corp., 192 Fed.Appx. 378, 381 (6th Cir.2006) (unpublished opinion). In Wood, the employee regularly worked unsupervised as a maintenance technician at an apartment complex. Id. at 378. He later sued for overtime of around five hours every day, but he put forth no evidence that his employer had actual or constructive knowledge that he was performing the extra after-hours work. Summary judgment was appropriate not solely because the plaintiff had failed to report his extra hours, but because he presented no evidence of actual knowledge and even less evidence to establish constructive knowledge of those hours. The work did not need to be done after-hours, and when Wood did suggest to a manager that he was working overtime, he was encouraged to report all his time and was never discouraged from doing so. Id. at 380-81. Wood reaffirms the general principle that an employer must have actual or constructive knowledge of the uncompensated work, and constructive knowledge cannot be based on conjecture alone. Id. at 381 (“An employer cannot satisfy an obligation that it has no reason to think exists.” (emphasis added)).
Here, perhaps due to White’s own less-than-clear explanation of the evidence establishing actual or constructive knowledge below, the district court appears to suggest that an employee’s failure to report can generally relieve an employer of its obligation to ensure accurate time reporting, regardless of other evidence suggesting actual or constructive knowledge. The district court concluded that courts deny recovery “in FLSA cases where an employee is aware of her employer’s system for reporting work that falls outside the employee’s normal, forty-hour shift but fails to report that work.” R. 258 (D. Ct. Order at 8) (Page ID # 6499). The majority, without explanation or support in the FLSA, adopts this broad exception to the traditional requirements of the FLSA. The underlying principle is more nuanced than the broad brush the majority applies to sweep away an otherwise valid claim for relief. At no point does Wood or any of these cases suggest that an employer with actual knowledge of overtime can defeat its obligations by pointing to incomplete time-sheets. There are no cases, on summary judgment or otherwise, where an employee’s failure to report hours actually *883 known to be worked by the employer defeats a claim under the FLSA.
That leaves only the question of whether there is evidence of actual or constructive knowledge on the record in this case. As an initial matter, there are several facts that are undisputed. Baptist had a policy of automatically deducting pay for thirty minutes from every shift over six hours. Baptist employees were instructed to take a thirty-minute lunch break every day, and White acknowledged receipt of this information upon starting at Baptist. R. 90-8 (White Dep. at 82-83) (Page ID #2665-66). Baptist employees were instructed to report any instance when they were unable to take a full, uninterrupted lunch break, and they were told they would be compensated or permitted to take the break later. White testified that she knew how to report any partial or missed lunch break — on an exception log in her department — and on several occasions she used the log to report a missed lunch and successfully received her pay.[2] Id. at 84-85 (Page ID # 2667-68).
But there was also evidence suggesting that White was not compensated at all for some missed lunch breaks, and that her employer had actual knowledge of the missed break and failed to pay her for it.[3] White testified that on previous occasions, she had indicated a missed or interrupted break in the exception log and was not paid for it. Id. at 86-87 (Page ID # 2670). If believed by a jury, this evidence would constitute actual knowledge of uncompensated work. Summary judgment was therefore improperly granted on the basis of this disputed fact alone.[4]
Furthermore, the evidence of constructive knowledge here is also strong. White testified at her deposition that she had once received a break of only fifteen or twenty minutes and one of her supervisors, Sharon Fiveash, told her that counted as her lunch break because “you got a bite.” Id. at 89-90 (Page ID # 2673). She testified that she complained about the missed lunch breaks directly to her supervisor, Chad Jones, and to the ER director, and she even complained about it on her employee surveys. Id. at 107 (Page ID # 2680). White admitted that her complaints were about the lack of a break and not lack of pay, id. at 108 (Page ID *884 # 2681), but her supervisors knew that she was working through lunch, knew that lunches were automatically uncompensated, and never responded to White’s complaints by asking her to make sure she signed the exception log for the missed break.[5] A reasonable juror could interpret these actions as pressure from White’s immediate supervisors not to report her missed lunches, which at a minimum would constitute constructive knowledge of the unpaid time. See Brennan, 482 F.2d at 827-28.
Baptist’s decision to use an automatic-deduction and self-reporting system for missed breaks is permissible, but the consequences of an employee’s failure to report a missed break still fall on the employer, not the employee. Unlike many of the above-cited cases, White performed all her work in a hospital on an emergency-room floor surrounded by Baptist employees and was under active supervision by either a charge nurse or some other supervisor at all times. White has met her burden of presenting evidence from which a jury could find that her employer knew or should have known that she was missing lunches and not receiving pay (or potential overtime). Whether the discouragement White received from her supervisors was truly not about seeking pay for that missed break is not resolvable on summary judgment. For all of these reasons, I respectfully dissent.

. Baptist itself seems to be aware that the district court's decision is against the great weight of the case law, devoting only the last six pages of its seventy-page brief to the propriety of summary judgment (and spending two of them on a strained waiver argument). Baptist at one point even calls the district court’s conclusion that Baptist lacked knowledge of White’s work a "fact-specific finding,” Appellee Br. at 29, which is inherently inappropriate on summary judgment.

. The parties spend a great deal of time debating White’s knowledge of how to record her time properly and very little time on Baptist’s knowledge that she was failing to report properly. I agree with the district court, however, that White’s deposition trumps her after-filed declaration and establishes that she knew she could report any missed or interrupted break on the exception log. R. 258 (3/23/11 D. Ct. Order 13-16) (Page ID # 6504-07).

. These facts distinguish this case from our recent unpublished opinion in Frye v. Baptist Memorial Hospital, Inc., - Fed.Appx. -, No. 11-5648, 2012 WL 3570657 (6th Cir. Aug. 21, 2012), where a different plaintiff was also attempting to bring a class action against Baptist for its system of automatically deducting pay for lunch breaks. Although we made no ruling on the merits of the individual plaintiffs’ FLSA claims in that suit, id. at -, 2012 WL 3570657 at *4, resolving the appeal on other grounds, we also observed that the lead plaintiff "abandoned his only evidence” on the issue of whether Baptist had knowledge of the deficiencies in its reporting system, id. at -, 2012 WL 3570657 at *6.

. By way of example, in other Baptist departments the employees were presented with a copy of the exception logs for each pay period and asked to review their entries and sign to attest to the record’s accuracy. R. 233-1 (Defs.’ Mot. to Decertify at 7) (Page ID # 5046). Other Baptist employees who told their supervisors they missed lunches were immediately instructed to record the missed lunch on the exception log. See id. at 22, 25, 33 (Page ID # 5061, 5064, 5072). See e.g., Wood, 192 Fed.Appx. at 381 (employee instructed to report extra hours when reported to management). Baptist could have presented such evidence of similar behavior in White's department to support its motion for summary judgment, but did not.

.As the holder of the payroll records, Baptist could have easily responded to White’s statement with a list of all times White completed the exception log and her payroll records demonstrating the inaccuracy of her testimony. Instead, Baptist provided one exception log and evidence that White was compensated that one time. Without the documentary evidence, Baptist is essentially asking this court to make a credibility decision to disbelieve White’s statements, which is inappropriate on summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).