962 F.2d 956
 30 Wage & Hour Cas. (BNA) 1436, 121 Lab.Cas.
P 35,632
 Danny F. DROLLINGER, Shaun K. Fitzgerald, Jerry G. Fuller,
Michael J. Hanks, Daniel L. Hogg, Ernest J.
Murray, William H. Simpson, and Ronald
L. Shannon, Plaintiffs-Appellants,
v.
STATE OF ARIZONA; Rose Mofford, Governor, Defendants-Appellees.
 No. 90-16591.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided April 27, 1992.
 
 Kimberlee Keller, Weinberg & Dempsey, Washington, D.C., for plaintiffs-appellants.
 Linda A. Thompson, Atty. Gen.'s Office, Phoenix, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before: POOLE, REINHARDT, and FERNANDEZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants allege that Arizona violated Section 8 of the 1985 Amendments to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("the FLSA"), by making two changes in its method of paying state firefighters after those Amendments became effective. The first change modified the state firefighters' hourly wage rate and established a separate overtime rate. The second change eliminated the previous policy of counting leave time as time worked for purposes of computing firefighters' overtime. Arizona contends that it did not violate the FLSA because the first change did not reduce the firefighters' wages and because the second change was not made in response to the application of the FLSA to the firefighters. The district court entered a final judgment dismissing both of the firefighters' claims. We affirm the district court's judgment in part and reverse in part.
 
 Hourly Wages
 
 2
 Prior to the Supreme Court's decision in Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), appellants, as well as other state and local employees, were not covered by the overtime provisions of the FLSA. The reason was that the Court had held in National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), that those provisions could not constitutionally be applied to such employees. However, Garcia overruled National League of Cities. After the Court handed down its decision in Garcia, Arizona altered the payroll system for state firefighters. As the district court found, Arizona established new hourly wage rates that were lower than the hourly wage rates at which its firefighters were previously paid. Arizona contends that the change merely "redisplayed" the firefighters' previous salaries.
 
 
 3
 The district court agreed with Arizona. It found that a firefighter who worked 144 hours in a two-week period would receive the same income for that period whether calculated under the new or old system. The district court also concluded that firefighters' total pre-Garcia wages, though paid at a uniform hourly rate, "included overtime for 38 of the 144 hours of each work period" because the 38 hours of overtime was factored into the uniform hourly rates. Finally, the district court held that the "redisplay" of the firefighters' salaries did not violate the FLSA.
 
 
 4
 We review the district court's findings of fact for clear error and its interpretation of the FLSA de novo. See Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986). As the district court found, Arizona's pre-Garcia firefighter wages were based upon "hourly wage rates".[1] These hourly rates were the same for each hour worked. There was in fact only one hourly rate wage, and no separate "overtime" rate. Thus, all hours worked in the usual 144-working-hour pay period were compensated at the identical rate.
 
 
 5
 As part of the post-Garcia "redisplay" of the new hourly wages, two separate hourly rates were established: one for regular hours and one for overtime hours. Overtime hours were compensated at one-and-a-half times the rate for regular hours, as required by the FLSA. However, as the district court correctly found, the "new hourly wage rates ... were less than the wage rates established in 1981." It is that reduction in the hourly wage rate that is challenged here. The practical effect of the "redisplay" is undisputed: it eliminated the advantage the firefighters received as a result of the application to them of FSLA's requirement regarding overtime pay--the requirement that they be paid "time-and-a-half" for each hour worked over 106 in a pay period. Instead, Arizona's firefighters ended up just where they were before premium compensation for overtime was statutorily mandated.
 
 
 6
 Following Garcia, Congress enacted amendments to the FLSA. Section 8 of the 1985 Amendments provided that no state agency may "discriminate[ ] against an employee with respect to the employee's wages or other terms or conditions of employment because ... the employee asserted coverage" under the FLSA's provisions governing overtime pay. Pub.L. 99-150, § 8, 99 Stat. 787, 791 (1985). That section is applicable to the present appeal. It is undisputed by the parties that the firefighters asserted coverage under the FLSA, and the district court affirmatively found that Drollinger discussed Garcia and its implications for the firefighters with state officials shortly after the decision was rendered.[2] Counsel for Arizona conceded at oral argument that section 8 does not have an "intent" requirement, and that section 8 applies to wage changes adopted "because of"--e.g., "in response to"--Garcia's application of the FLSA to its employees.
 
 
 7
 The "redisplay" of the firefighters' regular hourly wages so as to circumvent the overtime provisions of the FLSA is precisely the type of wage change that the 1985 Amendment was designed to prohibit. See Blanton v. City of Murfreesboro, 856 F.2d 731, 735 (6th Cir.1988) ("[T]he purpose of section 8 was to prevent unilateral reductions in pay or benefits by public employers who would otherwise take such action 'so as to negate the premium compensation mandated by this legislation.' ... A contrary result would allow public employers to deny permanently the 'premium compensation' that the Garcia decision and congressional action intended public employees to receive."); see also Joint Explanatory Statement of the Committee of Conference, House Conference Report No. 99-357, at 8-9, reprinted in 1985 U.S.Code Cong. & Admin.News 651, 670-71 ("In what we view as analogous circumstances, DOL regulations explicitly condemn employer efforts to adjust or recalculate regular rates of pay so as to evade the overtime requirements of the Act."). Here, Arizona's reduction of its firefighters' hourly wage rates negated their right to benefit from the receipt of premium compensation as mandated by the FLSA. Arizona nevertheless contends that its reduction in the firefighters' base hourly wage rate did not violate the FLSA because their pre-Garcia hourly wages already contained an "overtime premium". That argument fails as a matter of law. See Brennan v. Elmer's Disposal Service, Inc., 510 F.2d 84, 86-88 (9th Cir.1975). Only separate time-and-a-half overtime hourly wage rates qualify as "overtime" under the FLSA: the extension of the FLSA to state employees thus required Arizona to pay the firefighters' 150% of their previous base hourly wage rate for all hours worked over 106. Instead, Arizona reduced the firefighters' hourly wage rate, the net effect of which was to deny them the premium compensation required by the FLSA. That reduction in hourly wage rates was implemented by the state because of the Court's extension of FLSA coverage to state employees; the reduction adversely affected the firefighters. Accordingly, as a matter of law, Arizona's action was impermissible and violative of section 8.
 
 Leave Time
 
 8
 During its post-Garcia review of the firefighters' pay system, Arizona became aware that firefighters' leave time was being counted as part of base hours worked for the purpose of computing overtime. That practice is not required by the FLSA, and is contrary to the practice Arizona follows with respect to its other employees. Arizona contends that when it became aware of that anomaly it discontinued the special treatment received by its firefighters. Although the parties dispute the rationale behind Arizona's action, it is clear that it was not undertaken in response to ("because of") the extension of the FLSA to state employees or as an evasion of the FLSA's overtime requirements. The district court thus correctly determined that Arizona's decision to cease counting leave time as hours worked for purposes of computing overtime did not violate the FLSA. We therefore AFFIRM the district court's judgment regarding the leave time issue and REVERSE its judgment regarding the firefighters' hourly wages.
 
 
 9
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 [1]
 That conclusion is amply supported by the record: Arizona itself based the firefighters' salary upon an hourly wage rate, and the fact that the firefighters would be paid based upon hourly rates was communicated to applicants for firefighting positions
 
 
 [2]
 See York v. City of Wichita Falls, 944 F.2d 236, 241 (5th Cir.1991) (holding that a similar conversation between a single firefighter may have been an assertion of coverage and noting that "[o]ne employee may assert coverage on behalf of all"). In any case, the FLSA prohibits not only FLSA violations in response to employee assertions of coverage, but also FLSA violations in anticipation of assertions of coverage: any other interpretation would nullify the Act's protections. Section 8 would be meaningless if an employer were permitted to reduce hourly wages in response to Garcia and thereby avoid the FLSA's pay-and-a-half provisions as long as he did so before his employees learned of their statutory entitlements and had a chance to request that they be afforded the benefits due them