8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul RACZKOWSKI, Plaintiff-Appellant,
v.
TC CONSTRUCTION COMPANY, INC., a California corporation;
and Does I through C, inclusive Defendants-Appellees.
 No. 91-56536.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1993.*
Decided Sept. 30, 1993.
 
 Before: KOZINSKI, SILER,** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Raczkowski worked as a box-builder for TC Construction Company. He sued TC under the Federal Labor Standards Act, 29 U.S.C. § 201 et. seq. for unpaid wages. After a bench trial, the district court made findings of fact and entered a judgment for TC. We affirm. None of the findings of fact was clearly erroneous.
 
 
 3
 We review the district court's findings of fact for clear error and its interpretation of the Fair Labor Standards Act de novo. Drollinger v. State of Arizona, 962 F.2d 956, 958 (9th Cir.1992).
 
 A. Commuting Time
 
 4
 The Portal-to-Portal Act provides that employers are not required to pay employees for time spent travelling to their principal place of business, when such travel takes place before or after the workday. 28 U.S.C. § 254(a). The district court found that driving the company truck between work and home "was not required by T/C Construction" and "was a 'perk.' "
 
 
 5
 Rackzowski cites Crenshaw v. Quarles, 798 F.2d 1345, 1350 (10th Cir.1986) in support of his argument that he should be compensated for his commute time. But in Crenshaw, the employee's travel time was an "integral and indispensable" part of his job. Id.
 
 
 6
 Raczkowski also argues that he was entitled to compensation for commuting time because the two-way radio in the truck meant that he was "on-call" while he was driving to and from work, citing Owens v. Local No. 169, 971 F.2d 347, 354 (9th Cir.1992). But the trial judge found that he was not on call "because of the existence and occasional use of two-way radio in the company truck which Raczkowski drove home primarily for his benefit."
 
 B. Unreported Overtime
 
 7
 Relying on our decision in Forrester v. Roth's IGA Foodliner, Inc., 646 F.2d 413 (9th Cir.1981) ( affirming Forrester v. Roth's I.G.A. Foodliner, Inc., 475 F.Supp 630 (D.Or.1979), the district court concluded that Raczkowski was not entitled to compensation for time that he worked, but did not report. That was correct.
 
 
 8
 Although, as in Forrester, the employer in the present case might have seen Rackzowski while he was allegedly working on unreported time, the issue is whether the employer knew that the time was unreported. The relevant knowledge is not "I know that the employee was working," but "I know the employee was working and not reporting his time." Id. In this case, Rackzowski has not adduced evidence that the employer knew that Rackzowski was failing to report overtime, so the district court correctly rejected this claim.
 
 C. Fueling the Truck
 
 9
 Raczkowski also complains that he should have been paid for the time he spent filling the truck with gasoline. He may have been paid for some of the time as reported time, some may have been uncompensable under Forrester, and some was for his personal use. If anything remains of the 2 to 20 minutes spent putting gasoline in the truck, it was de minimis. Lindow v. United States, 738 F.2d 1057, 1062 (9th Cir.1984) ("[m]ost courts have found daily periods of approximately 10 minutes de minimis even though otherwise compensable"). The small amount of time involved and the administrative difficulties in apportioning how much of the gas pumped was for personal use and how much for business use justify treating this claim as de minimis. Id. at 1063.
 
 D. Pay for Reported Time
 
 10
 Raczkowski argues that the district court's finding that he was paid for all the time he reported is clearly erroneous. The time records adequately support the findings, so we will not upset the district court's decision.
 
 
 11
 We need not reach the question of which statute of limitations applies.
 
 
 12
 Raczkowski has barely escaped the imposition of sanctions. Oliver v. Mercy Medical Center, Inc., 695 F.2d 379 (9th Cir.1982). His request for attorney's fees under 29 U.S.C. § 216(b) is denied.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3