56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED PAPERWORKERS INTERNATIONAL UNION, LOCAL NO. 30192;
Roy L. Puckett, Charlie L. Gordon; Bernardo Lugo;
Darrel G. Pelc; Raul Olivas; Randel L.
Grammer; Ronald D. Pelc,
Plaintiff-Appellants,
v.
RIVERSIDE CEMENT COMPANY, Defendant-Appellee.
 No. 93-55584.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided June 2, 1995.
 
 Before: GIBSON,* HUG, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United Paperworks International Union and various individual employees of Riverside Cement Company appeal the district court's grant of partial summary judgment in favor of Riverside in the employees' action to recover unpaid overtime wages pursuant to the Fair Labor Standards Act. We AFFIRM.
 
 I. BACKGROUND
 
 3
 Riverside Cement Company is a California-based firm engaged in the manufacture and distribution of cement. Due to declining demand, Riverside decided to temporarily cut production at its Oro Grande facility. In a series of meetings, Riverside informed its Oro Grande employees that instead of temporary layoffs, it would temporarily assign the affected employees to work on capital improvements at Riverside's nearby Crestmore facility.
 
 
 4
 From November 9, 1991, to July 4, 1992, various Riverside employees worked sporadically at the Crestmore facility. These employees would meet at the Oro Grande facility at 6:00 am, ride in the company van approximately one hour to the Crestmore site, work an eight-hour shift, and then return in the company van to the Oro Grande facility. The employees were paid at a rate of ten straight-time hours for each day worked at the Crestmore facility, including two hours straight- time pay for their travel time. This arrangement resulted in a total of fifty hours straight-time pay and no overtime pay for each week worked at the Crestmore facility.
 
 
 5
 The Union and employees brought suit in federal court, claiming that the travel time should be counted as hours worked for purposes of calculating overtime. Riverside, on the other hand, characterized the travel time payments as gratuitous compensation for otherwise noncompensable time rather than compensation for hours worked. Upon the parties' cross-motions for summary judgment, the district court granted partial summary judgment in favor of each party. The court concluded that only those employees who drove the company van were entitled to overtime compensation for their travel time. In regard to the employees who merely rode in the company van to and from the job site, the district court concluded that their travel time was not compensable for purposes of calculating overtime.
 
 II. DISCUSSION
 
 6
 The Fair Labor Standards Act requires an employer to pay its employees for time worked in excess of forty hours a week at a rate one and one-half times the usual wage.[1] The Portal to Portal Act, however, exempts time spent traveling to and from the job site for purposes of calculating overtime.[2] This general exemption does not apply if there is a contractual obligation or employer custom and practice that requires compensating workers for such travel time.[3] We review the district court's findings of fact for clear error and its interpretation of the Fair Labor Standards Act de novo. Drollinger v. State of Arizona, 962 F.2d 956, 958 (9th Cir. 1992).
 
 A. THE PORTAL TO PORTAL ACT
 
 7
 The employees argue that the district court erred by concluding that the non-driving employees travel time was not compensable for purposes of calculating overtime under Sec. 254(a) of the Portal to Portal Act. Although the plain language of the statute clearly excludes travel time for purposes of calculating overtime pay, the Portal to Portal Act's general exclusion does not apply to preliminary or postliminary activities that are "an integral and indispensable part of the principal activities for which covered workmen are employed ...." Steiner v. Mitchell, 350 U.S. 247, 256 (1956).
 
 
 8
 We turn to the applicable administrative regulations in order to determine whether the disputed travel time was an indispensable part of the principal activities for which the employees were employed. 29 C.F.R. Sec. 785.38 (1991) provides that travel time from job-site to job-site is part of an employee's principal activity and must be counted for purposes of calculating overtime if the employee is required to report to a meeting place to receive instructions, carry tools, or perform other work there.
 
 
 9
 In its motion for summary judgment, Riverside included a statement of material uncontested facts.[4] That statement included affidavits stating that travel in the company van was not mandatory, that no work instructions were issued at the Oro Grande facility, and that employees were not required to carry specialized tools or equipment with them in the company van to the Crestmore facility. The employees' cross-motion for summary judgment admitted that there were no material issues in dispute and was not accompanied by a statement of genuine issues.[5] Consequently, we assume the material facts as claimed and adequately supported by Riverside in its motion for summary judgement "exist without controversy."[6]
 
 
 10
 Based on these uncontroverted facts, we conclude that travel to and from the Crestmore facility in the company van was not an integral and indispensable part of the principal activity for which the employees were hired. See 29 C.F.R. Sec. 790.8 (1991). The employees in question were employed to work on capital improvements at the Crestmore facility. The use of the company van was a gratuitous service unrelated to the work to be performed at the Crestmore facility. Consequently, we believe the district court properly determined that the travel time was not compensable under the terms of the Portal to Portal Act.
 
 B. THE PORTAL TO PORTAL ACT EXCEPTIONS
 
 11
 The Union and employees also argue that the employees are entitled to overtime pay by virtue of the exceptions to the Portal to Portal Act provided in Sec. 254(b). That section requires employers to include time spent on activities otherwise exempted by Sec. 254(a) for purposes of calculating overtime where such activities are compensable by either "custom or practice" or by contract. The employees claim that the disputed travel time was compensable by both custom or practice and contract.
 
 
 12
 The Portal to Portal Act provides no definition of the terms "custom or practice." The applicable administrative regulations, however, indicate that the travel time in this case was not compensable by custom or practice within the meaning of the Portal to Portal Act. 29 C.F.R. Sec. 790.10 (c) (1991) describes the phrase "custom or practice" as "every normal situation under which an employee works [f]or an employer for compensation," and "where an employer, without being compelled to do so by an express provision of a contract, has paid employees for certain activities performed." Riding to and from the job site in optional company transportation, however, cannot qualify as either working for or performing certain activities for compensation. As previously noted, travel to and from the Crestmore site was not an indispensable part of the principle activity for which the employees were hired. Furthermore, the policy of compensating employees for travel time between the Oro Grande and Crestmore facilities cannot be accurately characterized as a "normal situation." The record clearly indicates that Riverside initiated a temporary nine-month program in response to a short-term economic downturn. Because Riverside constantly rotated the employees assigned to the Crestmore facility, none of them worked at Crestmore on a regular basis. We decline to label such stop-gap measures as a "custom or practice."
 
 
 13
 The employees' argument is similarly unsupported by the common usages of the terms "custom" and "practice." Because "[c]ongressional reference to contract, custom, or practice was a deliberate use of non-technical words which are commonly understood ...," 29 C.F.R. Sec. 790.10 (c) (1991), the common meaning of these terms as defined by Webster's Third New International Dictionary, (3d. unabridged ed. 1971), is instructive. Webster's defines "custom" as "long-established, continued, peaceable, reasonable, certain, and constant practice considered as unwritten law and resting for authority on long consent: a usage that has by long continuance acquired a legally binding force." Id. at 559. Webster's defines "practice" as "repeated or customary action." Id. at 1780. Due to the previously-noted transitory nature of Riverside's transportation policy, we conclude that the district court properly determined that travel time to and from the Crestmore facility was not compensable by custom or practice within the meaning of Sec. 254(a) of the Portal to Portal Act.
 
 
 14
 We also find no evidence that the travel time was compensable by contract. Although California law recognizes both express and implied contracts, Cal Civ. Code Secs. 1620, 1621 (Deering 1994), both types of contracts require a meeting of the minds or agreement. Mulder v. Mendo Wood Products, Inc., 225 Cal. App. 2d 619, 632, 37 Cal. Rptr. 479, 487-88, cert. denied, 379 U.S. 844 (1964). As the district court noted, neither is present in this case. From the outset, Riverside operated under the impression that it was providing a gratuitous allowance for otherwise noncompensable travel time, while some of the employees apparently believed that they were being compensated at the hourly rate for hours worked. Such a misunderstanding, though understandable in light of Riverside's decision to compensate the travel time at the employees' normal hourly rate, necessarily precludes the possibility that the employees' travel time was compensable by either an express or implied contract.
 
 III. CONCLUSION
 
 15
 We conclude that the district court properly determined that the disputed travel time was not compensable for purposes of calculating overtime pay under the general exclusion of the Portal to Portal Act. Furthermore, we hold that the travel time was not compensable by either custom or practice or contract under the exceptions enumerated in Sec. 254(b) of the Portal to Portal Act. For these reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 "Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. Sec. 207(a)(1) (1988)
 
 
 [2]
 "Except as provided in subsection (b) of this section, no employer shall be subject to any liability or punishment under the Fair Labor Standards Act ... on account of the failure of such employer to pay ... an employee overtime compensation, for or on account of any of the following activities of such employee engaged in on or after May 14, 1947 --
 (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
 (2) activities which are preliminary to or postliminary to said principal activity or activities,
 which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." 29 U.S.C. Sec. 254(a) (1988).
 
 
 [3]
 "Notwithstanding the provisions of subsection (a) of this section which relieve an employer from liability and punishment with respect to any activity, the employer shall not be so relieved if such activity is compensable by either --
 (1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective bargaining representative, and his employer; or
 (2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee is employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective bargaining representative and his employer."
 29 U.S.C. Sec. 254(b) (1988).
 
 
 [4]
 "There shall be served and lodged with each notice of motion for summary judgment pursuant to FR Civ P 56 a proposed 'Statement of Uncontroverted Facts and Conclusions of Law' and the proposed judgment. Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine issue." U.S. Dist. Ct. Rules C.D. Cal., Civ. Rule 7.14.1
 
 
 [5]
 "Any party who opposes the motion shall serve and file with his opposing papers a separate document containing a concise 'Statement of Genuine Issues' setting forth all material facts to which it is contended there exists a genuine issue necessary to be litigated." U.S. Dist. Ct. Rules C.D. Cal., Civ. Rule 7.14.2
 
 
 [6]
 "In determining any motion for summary judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Issues' and (b) controverted by declaration or other written evidence filed in opposition to the motion." U.S. Dist. Ct. Rules C.D. Cal., Civ. Rule 7.14.3