70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christine FRANKLYN, Plaintiff-Appellant,
v.
VISTA DEL MAR; Community & Social Agency; American
Federation of Government Employees; AFL-CIO
(AFGE), Defendants-Appellees.
 No. 94-56460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christine Franklyn appeals pro se the district court's judgment, following a bench trial, in favor of Vista Del Mar ("Vista"). Vista is a non-profit residential treatment center which had employed Franklyn as a child care counselor from August 1986 until February 1988. Franklyn brought an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 207(a)(1), seeking the repayment of back wages she alleged Vista owed her for working overtime.[1]
 
 
 3
 "We review the district court's findings of fact for clear error and its interpretation of the FLSA de novo." Drollinger v. State of Arizona, 962 F.2d 956, 958 (9th Cir.1992) (per curiam). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we dismiss this appeal.
 
 
 4
 Franklyn failed to provide a transcript of the lower court proceedings. If an appellant fails to supply the relevant transcripts of a lower court proceeding, the appeal is subject to dismissal. See Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam). Here, having reviewed Franklyn's brief and examined its arguments, we conclude that the appeal should be dismissed.
 
 
 5
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The FLSA requires an employer to pay its employees for time worked in excess of forty hours a week at a rate one and one-half times the usual wage. See 29 U.S.C. Sec. 207(A)(1)