NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0124n.06

No. 15-4024

**FILED**
Mar 02, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DEVIN GROSSWILER; CHRISTOPHER DOERNER, )<br><br>    Plaintiffs-Appellants, )<br><br>v. )<br><br>FREUDENBERG-NOK SEALING TECHNOLOGIES, )<br><br>    Defendant-Appellee ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

**BEFORE:** ROGERS and WHITE, Circuit Judges; and HOOD, District Judge.[*]

**HELENE N. WHITE, Circuit Judge.** Plaintiffs Devin Grosswiler and Christopher Doerner filed suit against their employer, Freudenberg-NOK Sealing Technologies ("FNST"), for uncompensated overtime pursuant to the Fair Labor Standards Act. The district court granted summary judgment in favor of FNST, finding that any work Plaintiffs performed in excess of forty hours per week was de minimis and, separately, that Plaintiffs failed to establish that FNST knew or should have known about any alleged uncompensated overtime. On appeal, Plaintiffs challenge only the district court's finding regarding the amount of overtime worked. Because Plaintiffs do not challenge or even mention the district court's other, independent basis for granting summary judgment, we must **AFFIRM**.

---

[*] The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I.**

Grosswiler and Doerner have been hourly employees at FNST's Milan, Ohio assembly plant since 2007. FNST produces precision-molded seals and sealing products. To manage overtime, FNST requires employees to obtain approval from their shift leads before working outside their scheduled shift times. Shift leads track any work performed outside employees' scheduled shift times and report any such work time to payroll administrators.

Plaintiffs' regularly scheduled shift time is 8:00 a.m. to 4:30 p.m., with a half-hour unpaid lunch break. It is undisputed that Plaintiffs have worked scheduled overtime and been compensated for it. Neither Plaintiff could recall a specific week in which he worked overtime that was not compensated, nor could either estimate the amount of uncompensated overtime he had worked. However, they both testified that they clock in early every morning to perform necessary work preparations, resulting in unpaid overtime.

Plaintiffs produced timesheets covering only three months. Those timesheets showed that Plaintiffs generally clocked in between three and five minutes early, with the earliest being nine minutes prior to the scheduled shift time. Doerner initially testified at his deposition that he typically clocks in between 7:39 a.m. and 7:50 a.m., after which he goes to his locker and gathers his gear for the day. However, after reviewing the timesheets, Doerner admitted that he probably clocks in between three and four minutes before his shift and then talks to his friends for two minutes before starting work:

> Q. Well, let me ask you again. Do you think that you probably get to the plant and clock in to the plant, usually, somewhere between four and three minutes before your shift?
>
> A. Looking at these [timesheets], I would say yes.
>
> Q. Yes. And then, you go to your locker and talk to your friends, and that takes two minutes, you already testified to, right?

A. Yes, ma'am.

(R. 22-2: Doerner Dep., PID 142.)

Grosswiler testified that he arrives at the plant around 7:45 a.m., goes straight into work, punches in, and then gathers the materials he needs for the day. When confronted with the timesheets at his deposition, he asserted that the timesheets were not representative of his entire time. Grosswiler maintained that he clocks in early every day, but he also testified that sometimes he is absent from work or comes in late.

Plaintiffs understood that they could inform a supervisor or human resources about any concerns, but assert that they did not raise the issue of uncompensated overtime due to fear of retaliation. Plaintiffs instead filed a one-count complaint on behalf of themselves and others similarly situated alleging that FNST violated the Fair Labor Standards Act, 29 U.S.C. § 201–219 ("FLSA"), by failing to pay for overtime work performed. FNST moved for summary judgment, arguing that Plaintiffs failed to present evidence establishing that they performed work for which they were not compensated, and that Plaintiffs could not establish that FNST had knowledge or reason to know of any alleged uncompensated overtime.

The district court agreed with FNST on both grounds and granted summary judgment in its favor. The district court reasoned that Plaintiffs' evidence unequivocally established that they clocked in, on average, only three to four minutes before their shifts, constituting mere de minimis activity for which the FLSA does not require compensation. The district court also reasoned that because Plaintiffs failed to comply with FNST's policy for tracking overtime and failed to inform anyone at FNST about uncompensated overtime, their claims also fail because an employer cannot satisfy an obligation that it has no reason to think exists. Plaintiffs appeal.

**II.**

We review de novo a district court's order granting summary judgment. *Rudisill v. Ford Motor Co.*, 709 F.3d 595, 600 (6th Cir. 2013). "The FLSA requires employers to pay their employees 'at a rate not less than one and one-half times the regular rate' for work exceeding forty hours per week." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting 29 U.S.C. § 207(a)(1)). This court has previously explained that an employee must show that he worked in excess of forty hours in a week and that "the employer knew or should have known that he was working overtime or, better yet, he should report the overtime hours himself." *Wood v. Mid-Am. Mgmt. Corp.*, 192 F. App'x 378, 381 (6th Cir. 2006); *see also White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012). Accordingly, in *White*, the court affirmed the grant of summary judgment in favor of the employer when the employee claiming unpaid overtime failed to present sufficient evidence that her employer should have known that she was not being compensated for work she performed. *White*, 699 F.3d at 876.

On appeal, Plaintiffs challenge only the district court's finding that they failed to raise a genuine issue of material fact whether they worked more than forty hours in any week of their employment. They do not mention the district court's alternative holding that they failed to show that FNST knew or should have known about their unpaid overtime, much less argue that this holding is incorrect; and they erroneously assert that FNST's motion for summary judgment "was brought solely on the ground that Grosswiler and Doerner could not prove that they had worked more than 40 hours in any week of their employment." (Appellant Br. 2.) In its response brief, FNST argues that Plaintiffs forfeited any challenge to the district court's independent basis for affirmance by not addressing whether FNST knew or should have known of any uncompensated overtime. Plaintiffs did not file a reply brief. Accordingly, this issue is

abandoned. *See Cooper v. Commercial Sav. Bank*, 591 F. App'x 508, 509 (6th Cir. 2015) (finding appeal forfeited where the appellant failed "to provide even a modicum of legal argument"); *Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived."). Because Plaintiffs have failed to address the district court's alternate basis for its decision, the merit of the issue they do raise is irrelevant.

For these reasons, we **AFFIRM**.