NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0179n.06

No. 23-3683

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| HOWARD BREBBERMAN, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CITY OF MAUMEE, OHIO, | ) | OHIO |
| Defendant-Appellee. | ) | OPINION |

Before: BUSH, NALBANDIAN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. In this age-discrimination suit, Howard Brebberman appeals the first of two alternative grounds on which the district court granted summary judgment to the City of Maumee, Ohio. But we need not consider his argument. Even if it had merit, Brebberman's suit would still fail on the second ground that he did not appeal. We thus affirm.

Brebberman became Maumee's City Engineer in 1996. After he worked in this role for over a decade, the City promoted him to serve as its Commissioner of Public Service. This job required Brebberman to supervise the City's superintendents of water, sewer, natural resources, construction, and streets. It also required him to oversee the upkeep of all public buildings, grounds, and infrastructure.

In March 2020, the City feared that the economic slowdown from the COVID-19 pandemic would create a large budget deficit. That April, its mayor proposed an emergency reduction in

force.  At first, Brebberman assumed that the City would not cut his job.  But he soon received a termination letter.  The letter explained that the City needed to reduce its budget due to its COVID-related loss in tax revenue.  A few days later, officials reiterated to Brebberman during a meeting that the City had eliminated his position because of "COVID" and the lack of "money." Brebberman Dep., R.23, PageID 112.  Brebberman's many years of service with the City ended on May 10.  He was 59 years old.

Brebberman brought age-discrimination claims against the City under Title VII and Ohio law.  The district court had federal-question jurisdiction over the Title VII claim, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claim, *see id.* § 1367(a).

After discovery, the City alerted Brebberman's counsel that his complaint invoked the wrong federal law.  The Age Discrimination in Employment Act (not Title VII) protects against age discrimination.  Brebberman responded by voluntarily dismissing his Title VII claims, leaving only his age-discrimination claim under Ohio law.  When a court disposes of all the federal claims at an early stage, it has discretion to decline supplemental jurisdiction over any remaining state-law claims and to dismiss them without prejudice to their refiling in state court.  *See id.* § 1367(c)(3); *see also Cotterman v. City of Cincinnati*, 2023 WL 7132017, at *6 (6th Cir. Oct. 30, 2023) (citing *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010)).  Here, however, neither party asserted that the district court should have exercised its discretionary power to dismiss the state-law claim under § 1367(c)(3).  And because this question did not implicate the district court's jurisdiction, we need not raise it on our own.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009); *Gucwa v. Lawley*, 731 F. App'x 408, 416 (6th Cir. 2018).

We thus proceed to the merits of Brebberman's state-law claim.  The parties agree (and so we can assume) that Title VII's burden-shifting approach for processing circumstantial theories of

discrimination applies to that claim. *Cf. Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012); *Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Under that approach, Brebberman initially needed to make out a prima facie case of age discrimination. *See Blizzard*, 698 F.3d at 283. If he established a prima facie case, the burden shifted to the City to identify the nondiscriminatory reason why it had terminated Brebberman. *See id.* If the City did so, the burden shifted back to Brebberman to prove that the City's expressed reason was pretextual and that age discrimination really motivated the decision. *See id.*

The district court found that Brebberman met neither of his two burdens. *Brebberman v. City of Maumee*, 2023 WL 4663044, at *2–5 (N.D. Ohio July 20, 2023). The court first held that Brebberman failed to establish a prima facie case of age discrimination. *Id.* at *4. It reasoned that the City had laid off Brebberman as part of a reduction in force and that he could not meet the higher standards for establishing a prima facie case that apply in that reduction-in-force context. *Id.* at *2–4. Regardless, the City had also identified a nondiscriminatory reason for Brebberman's termination: the need "to cut the budget." *Id.* at *4. So the court alternatively held that Brebberman failed to create a genuine issue of material fact over whether the City's explicit reason for his termination was a pretext for age discrimination. *Id.* at *4–5. For both reasons, the court granted summary judgment to the City. *Id.* at *5. We review its decision de novo. *See Blizzard*, 698 F.3d at 282.

On appeal, Brebberman challenges *only* the district court's conclusion that he failed to establish a prima facie case of age discrimination. This litigation strategy poses a problem for him. When a party fails to appeal one of "two alternative grounds" for a district court's decision, the party forfeits any claim of error tied to that unappealed ground. *Stewart v. IHT Ins. Agency Grp.,*

*LLC*, 990 F.3d 455, 456–57 (6th Cir. 2021). The forfeiture also allows us to sidestep the issue that the party has appealed. We can instead affirm the judgment by relying on the unappealed ground alone. *See id.*; *see also City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., Inc.*, 29 F.4th 802, 815 (6th Cir. 2022); *Grosswiler v. Freudenberg-Nok Sealing Techs.*, 642 F. App'x 596, 599 (6th Cir. 2016); *United States v. Thornton*, 609 F.3d 373, 380 (6th Cir. 2010); *White Oak Prop. Dev., LLC v. Washington Township*, 606 F.3d 842, 854 (6th Cir. 2010).

We take that path here. Brebberman did not appeal the district court's second ground for granting summary judgment to the City: that he lacked enough evidence to show that the City's budgetary basis for his termination was a "pretext for age discrimination." *Brebberman*, 2023 WL 4663044, at *4–5. Indeed, the City notified Brebberman that he had not argued against the court's pretext holding in his opening brief. But Brebberman's counsel did not respond to the City's claim by filing a reply brief. *Cf. Grosswiler*, 642 F. App'x at 599; *White Oak Prop. Dev.*, 606 F.3d at 854. He thus forfeited any challenge to the pretext holding. *See Stewart*, 990 F.3d at 457.

Given Brebberman's forfeiture, moreover, we need not address his argument that he made out a prima facie case of age discrimination. Brebberman may (or may not) be correct. Yet the governing law also required him to establish that the City's identified reason for his termination was a pretext for discrimination. *See Blizzard*, 698 F.3d at 285. Brebberman's claim cannot survive this independent pretext requirement. *See Stewart*, 990 F.3d at 457.

We affirm.